MUCHLINSKI, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*November 17, 1920—March 8, 1921.*

*Railroads: Injury to licensee: Negligence.*

Uncontradicted evidence that warning signals were repeatedly sounded by a train running about eight miles an hour while passing through railroad yards and that the trainmen saw plaintiff, who was familiar with the yards, walking along the tracks in a place of safety until the train was almost upon him, when he started to cross the track upon which the train was approaching, is *held* to justify a directed verdict for the defendant railroad company on the issue of negligence, even if it be conceded that plaintiff was a licensee.

APPEAL from a judgment of the circuit court for Racine county: W. B. QUINLAN, Judge.   *Affirmed.*

Action for damages for a personal injury.   The trial court directed a verdict for defendant.   From a judgment entered accordingly plaintiff appeals.

Appellant had been employed for some weeks prior to his injury in a factory adjoining the right of way of the respondent company in the city of Racine.   He had been in the custom, as had many other employees of factories in the

neighborhood, of walking along the right of way in going to and from work.

There were several tracks in this area over which these workmen walked, one main track and several used for switching, storing cars, and for loading and unloading freight. This right of way was not, in general, fenced. It was disputed whether it was fenced from the factory in which appellant worked, and whether appellant entered it from a public street crossing or direct from the factory property. There were a few signs along the right of way stating that it was private property and bearing the direction to keep off. Appellant testified that he had not noticed them. Appellant was familiar with the fact that the tracks in this area were used quite frequently by trains and switch engines. He had observed this while walking along the way and from his working place in the factory. He was familiar with the fact that a train usually passed there about noon going easterly.

On the day of the accident, October 18, 1917, appellant was walking easterly along the tracks on his way to lunch shortly after 12 o'clock noon. He did not look to the rear when he entered the tracks to see if a train was approaching, nor did he look to the rear thereafter as he walked along. He was not paying attention to listening for whistle or bell; he thought that the train had already passed.

After appellant had walked along thus for a few blocks, the usual train, a light motor-driven passenger train, approached from the west. It whistled for each crossing and at other times. Its bell rang continuously. It was running about four to eight miles per hour. Appellant was then walking in a position of safety to the north of the main track upon which the train was approaching.

The engineer testified that when the train was less than 100 feet from appellant the latter veered over toward the main track, that he gave the danger whistle and applied the brakes, but that appellant walked in front of the train and

was struck.  Appellant testified that he heard the whistle back of him, thought here comes the train, thought it was on his left rather than his right, was kind of scared, and jumped over upon the tracks to his right without looking to the rear; that then he heard another whistle and saw the train practically on him and that he jumped again, but too late.  He received serious injuries.

Plaintiff offered testimony below that as he lay on the ground somebody he took to be the conductor asked him his name, and that a bystander then remarked to this person that the latter had not given appellant a fair chance, that he had whistled when right on top of him.  This evidence was excluded at the time on the ground that the identity of the person to whom the remark was addressed was not established as being the conductor.  Further identification was later established and the testimony theretofore excluded was either thereupon admitted by the trial court or plaintiff was given the opportunity to reintroduce it and did not do so.

When the evidence was closed the respondent moved for a directed verdict.  The trial court, after stating certain of the facts, granted the motion.

For the appellant the cause was submitted on the brief of *Joseph G. Hirschberg*, attorney, and *Horace B. Walmsley*. of counsel, both of Milwaukee.

For the respondent there was a brief by *Thompson, Myers & Kearney* of Racine, attorneys, and *H. J. Killilea* of Milwaukee, of counsel; and the cause was argued orally by *P. J. Myers*.

The following opinion was filed December 14, 1920:

JONES, J.    Plaintiff's counsel place much reliance on their claim that the plaintiff was a licensee and that the defendant owed a high standard of care to persons traveling on its right of way.  The testimony showed that there were signs in large print reading "Private Property," "No Thoroughfare," "Keep Off," posted in prominent places in the yards.

The uses of the yard for loading and unloading merchandise and switching were such that it would not have been practicable to exclude persons who chose to enter them and travel along the track. The defendant seems to have adopted the only feasible course for giving warning of danger to persons coming upon the grounds.

But if it be conceded that the plaintiff was a licensee and that it was the duty of the company to exercise increased prudence and caution in operating its road and to keep a reasonably vigilant lookout to prevent injury to those using the grounds, still the proof falls short of showing defendant's negligence. There is no evidence that the train was going faster than eight miles per hour. The accident did not occur at any crossing. The usual conflict of evidence as to the ringing of the bell and the blowing of the whistle is wanting. The undisputed evidence shows that the bell had been ringing constantly for some time before, and up to the time of, the accident; that the whistle had been blown for all street crossings, every few blocks, and twice again as signals to the man operating the block system. These signals were heard by him at his post several hundred feet more distant than the place of the accident. The whistle was sounded again as soon as the engineer saw any indication that plaintiff might turn toward the track. The plaintiff was not a child but an adult, and the engineer had no reason to expect that he would suddenly turn from a place of safety to cross the track. It cannot be said that there was not a vigilant lookout to prevent injury, because the engineer saw the plaintiff some distance ahead traveling parallel to the track in a place of safety.

Although it is argued by appellant's counsel that the plaintiff became confused when he finally heard the whistle blown and jumped in the wrong direction to avoid injury, it is hardly claimed that the sounding of the whistle was a negligent act. The trial judge properly held that no negligence was established against defendant.

For about six weeks plaintiff had been in the habit of traveling on the defendant's right of way, and he was familiar with the situation and the use to which the grounds were put.    The yards were busy places; switch engines were being used frequently and there were about twenty passenger trains a day.    Plaintiff knew that a train generally passed to the east about the time of day when this accident happened, but he supposed it had passed.    When he went upon the tracks of defendant he did not look to see if any train was coming.    Although there was no obstruction to view, he continued walking along, neither looking, nor listening to the ringing of the bell nor the sounding of the whistle, until, when the whistle sounded the third time, he became confused, according to his own account, and jumped in the wrong direction from a place of safety to one of danger.    According to the plaintiff's own showing he was walking beside a railroad track, paying no attention whatever to the coming or going of trains.    He was at a place where if he had paid the slightest attention he would have heard the whistle and the ringing of the bell.

No claim is made by appellant's counsel that the tracks should have been fenced or that the absence of a fence or other guard in any way contributed to the injury.

The offered proof of a declaration by a bystander was of doubtful admissibility at best.    In our opinion there was no error in the ruling of the trial court on that subject.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on March 8, 1921.